# TALTY v. TALTY.

## DOWER; REMAINDERS.

1. The common-law rule that a widow is not entitled to dower in lands to which her husband had a remainder in fee, if he predeceased the life tenant, is not changed by Code sec. 1158 (31 Stat. at L. 1375, chap. 854), which provides that a widow shall be entitled to dower in lands held by equitable as well as legal title in the husband at any time during the coverture, whether held by him at the time of his death or not, so as to entitle the widow of a remainderman to dower in lands held by a life tenant at the time of the decease of the remainderman.

2. Code sec. 1029 (31 Stat. at L. 1352, chap. 854), providing that no expectant estate can be defeated or barred by an alienation or other act of the owner of the intermediate estate, nor by any destruction of such precedent estate by disseisin, forfeiture, surrender, merger or otherwise, etc., is not applicable to remainders, so as to entitle a widow to dower in lands to which her husband had a remainder in fee, but which were held by the life tenant at the time of the death of the remainderman.

3. Code sec. 1030, which provides that "expectant estate shall be descendible, devisable, and alienable in the same manner as estates in possession," does not change the common-law rule so as to entitle the widow of a remainderman to dower in an estate in remainder held by the life tenant at the time of the death of the remainderman.

No. 2524. Submitted May 14, 1913. Decided June 2, 1913.

HEARING on an appeal from an order of the Supreme Court
of the District of Columbia denying a claim of dower in an
award made in a condemnation proceeding.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Virginia Talty from an order denying
a claim of dower in an award made in a condemnation proceed-
ing.

John E. Talty died January 25, 1892, leaving a widow,
Elizabeth R. Talty, and three children, Robert C., Albert W.,
and Richard C. R. Talty. John E. Talty left a will devising
and bequeathing to his widow his entire estate for life, subject
to some small charges, and providing: "At the death of my
said wife my said estate shall be divided equally between my
children, Robert C. Talty, Albert W. Talty, and Richard C.
R. Talty, share and share alike." Part of the estate consisted
of parts of squares 634 and 685 in the city of Washington,
proceedings to condemn which to public use were instituted on
behalf of the United States in October, 1911. On the hearing
before the commissioners appointed to appraise the value of
the land, it was agreed by all parties at interest that the award
should be made in one sum, leaving the matter of division be-
tween the parties claiming to the final determination of the
court. The award in gross was $63,015. On motion to deter-
mine the interests of the several claimants, the following facts,
in addition to those above stated, were agreed upon: The life
tenant is alive. Albert W. Talty died intestate after 1902,
leaving a widow, who still lives, but no child. Richard C.
R. Talty died intestate December 25, 1908, leaving a widow,
Virginia Talty, to whom he was married in 1906. He left no
children. The widow survives and claims a dower interest in
her husband's interest in the land. She is between thirty-five
and forty years of age, and the life tenant is between sixty-
seven and seventy-two years of age. Upon hearing, the court
entered an order denying that the widow, Virginia Talty, is
entitled to dower in any portion of the award, and ordering

payment of the same to said Elizabeth R. Talty and Robert C. Talty by warrant drawn to their joint order.

*Mr. Fred G. Coldren* and *Mr. A. Leftwich Sinclair* for the appellant.

*Mr. J. J. Darlington* and *Mr. W. C. Sullivan* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

By the rule of the common law a widow is not entitled to dower in lands to which the husband has a remainder in fee if the remainderman predecease the life tenant, which is the case here, for the reason that the remainderman had neither seisin in deed nor in law. Seisin in deed is the actual possession; seisin in law is the right to immediate possession; neither of which the remainderman has during the life of the tenant.

This is conceded by the appellant, but it is contended on her behalf that this rule of the common law has been changed by the Code.

The first section relied on is 1158 (31 Stat. at L. 1375, chap. 854), which is contained in chapter XXXIII., treating of husband and wife. It reads as follows: "Dower.—A widow shall be entitled to dower in lands held by equitable as well as legal title in the husband at any time during the coverture, whether held by him at the time of his death or not, but such right of dower shall not operate to the prejudice of any claim for the purchase money of such lands or other lien on the same."

At common law dower was limited to land whereof the husband had the legal title. To remedy what was considered a defect of the common law as applied to modern conditions, the section expressly extended dower to lands held by equitable title also.

The contention that the effect of this section was also to extend dower to remainders where there is neither possession nor

right of possession in the remainderman, and thus work a fur-
ther change in the common law, is founded on the meaning
ascribed to the word "held," therein used. The argument is
that a remainder being an estate of inheritance, the remainder-
man held the legal title thereto, though not entitled to the
actual possession at the time of his death. Without following
this argument, which is ably presented in detail, we think it
sufficient to say that we are not impressed with the soundness of
its conclusion. Considering the plainly expressed intention of
the section, we would not be justified in giving the word relied
on—not an unusual or inappropriate one for that purpose—
a construction that would accomplish the additional purpose.
It is more reasonable to suppose that, had the framers of the
section intended a further change of the common law, this in-
tention would not have been left to rest upon this slender foun-
dation, but would have been more plainly expressed.

Sections 1029 and 1030 (31 Stat. at L. 1352, chap. 854) are
also relied on by the appellant as entitling the widow to dower
in an estate in remainder. Section 1029 provides that no ex-
pectant estate can be defeated or barred by any alienation or
other act of the owner of the intermediate estate, nor by any
destruction of such precedent estate, by disseisin, forfeiture,
surrender, merger, or otherwise, etc.: and sec. 1030 provides
that "expectant estates shall be descendible, devisable, and alien-
able in the same manner as estates in possession."

Section 1029 relates to expectant estates in their proper, le-
gal sense. It is not applicable to vested remainders, for those
were never subject to be defeated by alienation or other act of
the owner of the intermediate or precedent estate. Nor did
such estates require the aid of sec. 1030 to become "descend-
ible, devisable, or alienable in the same manner as estates in
possession." See *Hayes* v. *Huddleson, ante,* 183. But without
regard to this view, we cannot construe the words, "alienable
in the same manner as estates in possession," as meaning, "al-
ienable subject to the wife's dower, unless she joined in the
conveyance," according to the contention of the appellant.
Dower is not an estate until assigned, but a chose in action.

The foregoing sections are found in chapter xxiv., sub. chap.. 1, of the Code relating to estates, in which dower is not once· mentioned.  As was said in discussing the construction of sec. 1158, it ought not to be supposed that it was intended by the· use of terms appropriate to the subject-matter expressly pro-- vided for, to effect a change in the rules of the common law re-- lating to a different subject-matter.  The construction contend-- ed for is a strained one, the adoption of which would set a dan- gerous precedent in the construction of our statutes.

We are òf the opinion that the decree is right, and it is af-- firmed, with costs.                                  *Affirmed.*